12-3165
Weng v. Holder

BIA
Laforest, IJ
A089 844 486

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of December, two thousand thirteen.

PRESENT:
> DENNIS JACOBS,
> DENNY CHIN,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

YU GANG WENG,
> *Petitioner,*

v.                                          12-3165
                                            NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Vlad Kuzmin, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Leslie Mckay,
                       Assistant Director; Anthony J.
                       Messuri, Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Yu Gang Weng, a native and citizen of the People's Republic of China, seeks review of a July 13, 2012, decision of the BIA affirming the January 11, 2011, decision of Immigration Judge ("IJ") Brigitte Laforest, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yu Gang Weng*, No. A089 844 486 (B.I.A. July 13, 2012), *aff'g* No. A089 844 486 (Immig. Ct. N.Y. City Jan. 11, 2011). We assume the parties' familiarity with the underlying facts, procedural history, and issues presented for review.

Under the circumstances of this case, we consider both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications, such as Weng's, governed by the amendments to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, "[c]onsidering the

2

totality of the circumstances," base a credibility finding on any inconsistencies in the applicant's statements, without regard to whether the inconsistencies go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam).

The agency's adverse credibility determination is supported by substantial evidence. The IJ reasonably found that Weng was not credible because, *inter alia*, his hearing testimony (1) was internally inconsistent as to the length of his detention (ranging from ten days to twelve days to twenty days); (2) contradicted his written declaration and other documentary evidence as to the length of his detention; (3) conflicted with four written statements from others as to the date of his release from detention; and (4) contradicted medical records as to when he needed medical attention for injuries he allegedly suffered in detention. Although Weng offered explanations for the inconsistencies and contradictions, Weng did not demonstrate that the agency was required to credit his explanations, *see Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (to secure relief, a petitioner must demonstrate that a reasonable

3

fact-finder would be compelled to credit his testimony), and we are not able to consider one of his explanations in any event because he failed to present it to the agency, *see Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-22 (2d Cir. 2007) ("[W]hen an applicant for asylum or withholding of removal has failed to exhaust an issue before the BIA, and that issue is, therefore, not addressed in a reasoned BIA decision, we are . . . usually unable to review the argument.").

Weng argues that the discrepancies which the agency relied on are minor and isolated. While it is true that, in some cases, minor and isolated discrepancies about dates would not render an applicant incredible, *see Xiu Xia Lin*, 534 F.3d at 167, here, the discrepancies in Weng's testimony were not minor or isolated as they related to the central elements of his claim -- that he was detained in China for his practice of Falun Gong and that he continues to practice Falun Gong in the United States -- and pervade his testimony.

Accordingly, as the record contains substantial evidence to support the agency's adverse credibility determination, *Xiu Xia Lin*, 534 F.3d at 167, and as the only

evidence of a threat to Weng's life or freedom depended upon his credibility, the adverse credibility determination in this case is dispositive of his claims for asylum, withholding of removal, and CAT relief, *see Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5